IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| SALVADOR AVILA RIVERA,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY DETENTION CENTER, et. al,<br><br>Defendants. | CV-09-00062-GF-SEH-RKS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff is a federal prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges Defendants lost a package containing Plaintiff's personal property and legal paperwork thus interfering with his access to the Courts. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending is Plaintiff's Application to Proceed in Forma Pauperis (Document 1) and proposed Complaint. (Document 2).

## I. STATEMENT OF CASE

### A. Parties

Salvador Avila Rivera is a federal prisoner incarcerated at the Federal

Detention Center in Sheridan, Oregon. The incidents giving rise to the Complaint occurred at Cascade County Detention Center in Great Falls, Montana.

The named Defendants are Detention Corporal Reagan, Detention Sergeant Gussik, Detention Sergeant Bray, Detention Corporal Waltz, Detention Sergeant Ogden, and the Cascade County Sheriff-Coroner's Office.

**B. Allegations**

Plaintiff alleges the detention officers employed at the Cascade County Detention Center, acting under color of law, deprived him of his constitutional right of access to the courts by the misplacement of his legal documents. He states on February 17, 2009, when he was being transferred to another facility, he gave all his personal property and legal documents to Detention Officer Reagan to be mailed to his family. As of May 14, 2009, the package had not arrived at its destination. He contends this hindered and/or denied him his constitutional right of access to the courts.

Plaintiff seeks injunctive relief against Cascade County Detention Center to produce the aforementioned package and grant Plaintiff punitive damages in the amount of $350,000.00 as compensation for Plaintiff's mental anguish, mental stress, depression, and anxiety.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff's declaration and account statement make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the statutory filing fee of $350.00, even if his case is dismissed.  See 28 U.S.C. § 1915(b)(1), (e)(2).  Plaintiff has submitted a certification from his current institution indicating Plaintiff's average monthly balance and average monthly deposits during the past six months was $16.00.  Therefore, an initial partial filing fee of $3.20 (20% of $16.00) will be assessed by this Order.  See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly balance or average monthly deposits, whichever is greater).

In addition, Plaintiff must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint is deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  See *Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also* *United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## III. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the

action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles," *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal.* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

    The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129

S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## B. Analysis

Prisoners have a constitutional right of access to the courts. See *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. It does not require both. See *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985). The right, however, "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57.

The scope of the right of access to the courts is quite limited. Prisoners need only have "the minimal help necessary" to file legal claims. *Lewis,* 518 U.S. at 360. The Constitution does not even mandate "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." *Id.*

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  *See* Lewis, 518 U.S. at 349.  An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348.

Plaintiff's counsel filed a Notice of Appeal in his criminal case on February 18, 2009.  That case remains pending in the Ninth Circuit Court of Appeals and Plaintiff is still represented by counsel.  Thus, Plaintiff has the capability of challenging his sentence even if Defendants lost some of his legal documents.  Moreover, Plaintiff has not alleged an actual injury such as an inability to meet a filing deadline or present a claim.  Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

To the extent Plaintiff is seeking to state a claim for loss of property, that too fails to state a claim upon which relief may be granted.  The Due Process Clause protects prisoners from being deprived of property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir.

1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). But neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. *See Hudson*, 468 U.S. at 531. In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without

due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq.*, provides an adequate post-deprivation remedy.[1]  *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2007):

> "Claim" means any claim against a governmental entity, for money damages only, that any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for the damages under the laws of the state.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them if a private person would be liable and if the intentional tort is committed within the scope of employment.[2]  *Id.*  Similarly, state employees are not immune from suit for intentional torts.  To the extent the employees act outside the scope of their employment, they remain

---

[1] The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

[2] Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Parratt v. Taylor*, 451 U.S. 527, 535-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

subject to liability themselves.  Thus, adequate post-deprivation remedies are available.

In *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the United States Supreme Court created an exception to the post-deprivation remedy rule when:  (1) the deprivation of liberty was predictable; (2) the creation of a pre-deprivation process was not impossible; and (3) the deprivation was the result of an official's "abuse of his position" and therefore was not "random and unauthorized." *Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999)(citing *Zinermon,* 494 U.S. 113).

However, this is not Plaintiff's claim.  Plaintiff alleged Defendants lost a package either before or after mailing.[3]  Because the post-deprivation remedy rule applies, and because the Court finds the Montana Tort Claims Act to be an adequate state post-deprivation remedy, Plaintiff cannot state a claim for an intentional deprivation of property under the Due Process Clause of the United States Constitution.  *See also Raditch v. U.S.*, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same

---

[3] Defendants would not be liable to Plaintiff if his package was lost in the mail after it left Defendants' custody.

due process principles apply to the federal government through the Fifth Amendment.").

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court is going to designate this case as a "strike" under this provision because Plaintiff has failed to state a claim upon which relief may be granted.

### D. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith." The good faith standard is an objective one. See *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Plaintiff's failure to state a denial of access to the courts claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED.** Plaintiff is hereby assessed $3.20 as an initial partial filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on May 29, 2009.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATION

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED.**  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's

failure to state a claim upon which relief may be granted.

   3.   The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

   Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

   A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

   These Recommendations and order are not immediately appealable to the

Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of July, 2009.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge